IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-04-0130-01 |
| | § | |
| YU LI | § | (Civil Action No. H-07-0831) |
| | § | |

# **MEMORANDUM AND ORDER**

The defendant, Yu Li, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Crim. Doc. # 299). The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the Court concludes that the motion must be denied for reasons set forth below.

**I.      BACKGROUND**

On September 15, 2004, Li pled guilty to charges of conspiracy to possess with intent to distribute the controlled substance methylenedioxymethamphetamine (known as "ecstasy" or MDMA), aiding and abetting the receipt and possession of an unregistered silencer, and money laundering. The Court sentenced Li to serve a total of 110 months in prison followed by three years of supervised release. Li also forfeited over $5 million in illegal proceeds. Li did not file an appeal.

Li now seeks relief from his conviction and sentence under 28 U.S.C. § 2255. In two related grounds, Li complains that the government failed to establish the requisite element

of "standing" to prosecute him and that this Court lacked subject matter jurisdiction as a result. Li reasons, therefore, that the criminal judgment is "void ab initio." For reasons discussed more fully below, Li is not entitled to relief.

## II.   DISCUSSION

### A.   Li has Waived Collateral Review

The motion must be denied because, pursuant to the written plea agreement in this case, Li waived the right to appeal or to otherwise challenge his conviction and sentence collaterally under 28 U.S.C. § 2255. (Crim. Doc. # 147). By signing that agreement, Li expressly gave up "the right to contest or 'collaterally attack' his conviction or sentence" under 28 U.S.C. § 2255. (Crim. Doc. # 147, at ¶ 11). It is well settled that an informed and voluntary waiver of post-conviction relief under 28 U.S.C. § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Li does not challenge the voluntariness of his plea or the validity of the waiver. The Court has scoured his *pro se* pleadings and finds no allegation that the waiver was tainted by the ineffective assistance of counsel. *See United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002) (citing *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995)). Likewise, Li does not demonstrate that the sentence imposed exceeded the statutory maximum. *See United States v. Hollins*, 97 F. App'x, 2004 WL 963250, at *2 (5th Cir. No. 02-21040, May 4, 2004) (recognizing an exception to the enforcement of a § 2255 waiver where the sentence facially exceeds the statutory limit). Li does not otherwise allege any facts that cast doubt on the validity of the waiver of collateral review found in the written plea agreement. The

2

Court concludes, therefore, that all of Li's claims are foreclosed by the written plea agreement. Alternatively, to the extent that his claims are not waived, Li's arguments are without merit for reasons discussed briefly below.

### B. Li's Claims Lack Merit

According to the memorandum of law submitted with his motion, Li argues that he is entitled to relief under 28 U.S.C. § 2255 because the government lacked standing to prosecute him and, therefore, this Court had no subject matter jurisdiction or merely had, at most, "hypothetical jurisdiction." In support of that argument, Li notes that the government failed to establish standing because it suffered no injury in fact. The real victim in this case, asserts Li, is "American society." Because the injury suffered by the government is "hypothetical" or "conjectural," Li maintains that the government failed to establish the requisite standing and that this Court lacked subject matter jurisdiction as a result, rendering his criminal judgment void.

It is true that a plaintiff must establish standing as part of the "case-or-controversy requirement" found in Article III of the United States Constitution, which restricts federal court jurisdiction. *See DaimlerChrysler Corp. v. Cuno*, — U.S. —, —, 126 S. Ct. 1854, 1861 (2006) (emphasizing the critical role of standing, which is a "core component" of the "case-or-controversy requirement" found in Article III) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The "irreducible constitutional minimum of standing" requires the following three elements: (1) the plaintiff must have suffered an "injury in fact" – that is, an invasion of a legally protected interest which is (a) concrete and particularized,

and (b) "actual or imminent," not "conjectural" or "hypothetical"; (2) there must be causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) it must be "likely" as opposed to merely "speculative" that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61. Li argues that, because the government suffered no injury, the United States Attorneys Office lacked standing to prosecute the charged offenses. Li is mistaken.

As the Supreme Court has explained, private citizens do not have a judicially cognizable interest in the prosecution of other persons and do not have standing to enforce criminal laws. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Rather, it is the responsibility of the United States Attorney, within each respective district, to "prosecute for all offenses against the United States." 28 U.S.C. § 547(1); *see also United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 312 (1978) (noting that the Internal Revenue Service cannot "try its own prosecutions" because such authority is "reserved to the Department of Justice and, more particularly, to the United States Attorneys"). As Li concedes, he was charged with violating the laws of the United States by conspiring to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. He was also charged with aiding and abetting the receipt and possession of an unregistered firearm silencer in violation of 26 U.S.C. § 5861(d) and 18 U.S.C. § 2. In addition, Li was charged with conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(2)(A), 1956(a)(2)(B)(i), 1956(h), and 1957. Li fails to show that

4

the government lacked standing to prosecute these offenses or that this Court lacked subject matter jurisdiction as a result. Accordingly, Li is not entitled to relief under 28 U.S.C. § 2255.

### III.    CERTIFICATE OF APPEALABILITY

The defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253. Thus, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"

*Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the entire record of this criminal proceeding, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

### IV.     CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The defendant's § 2255 motion (Crim. Doc. # 299) is **DENIED** and the corresponding civil action (H-07-0831) is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties and will file a copy in Civil Action No. H-07-0831.

SIGNED at Houston, Texas, on March 28, 2007.

_____
Nancy F. Atlas
United States District Judge